HONORABLE LAUREN J. KING

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RENATA MENDENHALL,<br><br>        Plaintiff,<br><br>vs.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY, a foreign corporation,<br><br>        Defendant. | Case No.:   2:21-CV-00759 LJK<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**NOTE ON MOTION CALENDAR: MARCH 4, 2022** |

NELSON LANGER ENGLE, PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington  98125
T: 206.623.7520  F:  206.622~7068

# I.   **FACTS IN REPLY**

Reliance Standard hired a law firm with 41 offices and over 800 attorneys to defend this case. *See* https://www.wilsonelser.com/. While only one attorney has made a notice of appearance, Mr. Torrence is not the only attorney on the file. *Declaration of Aaron Engle, ¶3-4.* Plaintiff sympathizes with Mr. Torrence's personal issues, but that does not mean Reliance gets a free pass with respect to its discovery obligations in this case. Mr. Torrence's co-counsel should have stepped in to help. After the required discovery conference, Plaintiff followed up with Reliance. Since then, Plaintiff has received nothing not even an email or letter. Plaintiff waited three weeks for a response before filing this motion. To date, Reliance has not even returned the Model Protective Order that it stated it needed to produce additional documents. In its Response, Reliance states that it was "still undertaking efforts" to resolve the issues. If that is the case, why hasn't Reliance returned the Protective Order or produced the documents it claims it is willing to produce in its Response? The reality is that Reliance refuses to participate in the discovery process. It has the burden to respond or justify its objections, not Plaintiff.

In addition, Reliance appears to argue that because it has produced what it calls an "extensive" disability claim file that its discovery obligations end. This is incorrect. First, this is not an ERISA case, heard mostly on the administrative record. Second, most of the claim file consists of Plaintiff's medical records or other documents sent by Plaintiff and her employer, and roughly one third is repeat medical records and reports. *Engle Decl., ¶5.* The internal claims handling documentation only runs from *AR0034 to AR0166* (132 pages). *Engle Dec., ¶6.* The Court should reject the characterization of its production to date as "extensive." *Reliance Response*, pg. 9. Third, the amount of material produced or withheld has no bearing on Reliance's obligation to produce all responsive documents under the civil rules.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL - 1
File Number 205022

NELSON  LANGER  ENGLE, PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington  98125
T: 206.623.7520  F:  206.622~7068

## II.   ARGUMENT IN REPLY

One of the insurance company's fundamental obligations to its policyholders is to fully and fairly investigate all aspects of a claim. *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 279, 961 P.2d 933 (1998); *see also* WAC 284-30-330(4) (making it an unlawful claims practice to refuse to pay claims "without conducting a reasonable investigation"). Because this insurance bad-faith case is based on Reliance's failure to do that, all evidence related to its claim investigation, evaluation, or processing must be produced so that Plaintiff's claims can be tried on the merits. This is an ongoing requirement as "an insurer's ordinary duty to investigate does not end when suit is filed." *HSS Enterprises, LCC v. Amco Ins. Co.*, C06-1485-JPD, 2008 WL163669 at *5 (W.D. Wash. Jan. 14, 2008).

In its Response, Reliance does not provide any authority for its objections and refusal to answer. It did not cite one case for support of its objections lodged in this dispute. Further, Reliance did not lodge any other objections other than the boilerplate laid down in its Responses to Plaintiff's Discovery. *See Ex. 2, Engle. Decl. in Support of Motion to Compel, Dkt. 14.*

### 1.   Interrogatory #2, RFPs #1-3, and RFP #8-10.

Rog #2: As the Court can see from the "Claim Diary Log Report," located at *AR0035-40*, the names of the employees involved are in code. *Engle Decl., Exh. 1.* For example, some entries are made by "471lmmp," "700otj," or "428msc." *AR0035*. The Court should order Reliance to provide Plaintiff with all the names of those individuals referenced and anyone else who reviewed the case outside the claim file. Plaintiff should not be required to decipher Reliance's code. Reliance presents no reasonable argument or case law as to why Plaintiff's request is improper. In addition, Plaintiff cannot tell from the correspondence or the claim file who supervises the various employees involved. Again, that is in code or not reflected at all.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL - 2
File Number 205022

NELSON  LANGER  ENGLE, PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington  98125
T: 206.623.7520  F:  206.622~7068

1    Finally, Plaintiff is entitled to know the identities of <u>everyone involved in the claim</u>, whether

2    they are reflected in the claim file or not. Just because Plaintiff has received what Reliance

3    purports is the entire claim file does not mean that she has the identities of everyone involved in

4    the handling or review of the claim. If there are no other individuals than those found in the

5    claim file, then Reliance should be required to say so with verified answers. The discovery

6    process is not supposed to be a scavenger hunt or guessing game.

7    RFP #1: Reliance states that it is willing to "provide any additional identified documents

8    which were place in the claim file since it was produced in this litigation." *Response*, pg. 4. To

9    date, Reliance <u>has not produced any further documents</u>; thus, the need for Court intervention.

10   These documents are necessary for efficient depositions of Reliance employees.

11   RFP #2: Reliance has not provided a certified copy of the policy or simply provided an

12   answer that one does not exist. Also, Reliance has not provided an affirmative answer to

13   whether any of the other policy related documents referenced in RFP #2 exist. The Court should

14   order Reliance to produce additional policy documents or state on the record that none exist.

15   RFP #3: This is basic discovery. There appears to be less than 10 employees listed in

16   Reliance code. Furthermore, Reliance could have already provided the job descriptions for

17   primary claims handlers if it was truly interested in complying with its obligations. It has not

18   provided job descriptions for even the employees identified in the denial letters. The Court

19   should order production of these materials.

20   RFPs #8-10: Reliance is no neophyte in these matters. In the discovery conference,

21   counsel for Reliance indicated he knew what Plaintiff is referencing in these requests. *Engle*

22   *Decl., ¶7.* These are internal tracking documents used by management to monitor claim

23   longevity and claim exposure. During the handling of Plaintiff's claim, Reliance surely tracked

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL - 3
File Number 205022

NELSON  LANGER ENGLE, PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington  98125
T: 206.623.7520  F:  206.622~7068

the number of claims under review by each member and/or manager of the claims department. Plaintiff's claim would be on these documents. Each open claim likely has a reserve dollar amount, and that reserve amount is likely released upon denial of a claim or the termination of an existing, accepted claim like Plaintiff. It is Plaintiff's position that Reliance utilizes this information as part of the claims handling process. In other words, high value claims are targeted for denial or Reliance has reserve recovery targets for individual contracts. Production of this information is relevant to Plaintiff's allegations of bad faith, and it will shed light on whether Reliance has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances.

For example, in *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 431-33, 123 S. Ct. 1513, 155 L.Ed.2d 585 (2003) (Ginsburg J., dissenting), internal policies showed that adjusters were expressly directed to employ a variety of means to pay less than fair value to meet pre-set targets for claims payouts. In *Hangarter v. Provident Life and Accident Ins. Co.,* 373 F.3d 998, 1011 n. 9 (9th Cir. 2004), a disability case, internal policy documents showed claims were "terminated" based on pre-set company goals, rather than the merits of the individual claims. Courts routinely find documents generated at the same time as the insurer's review of a claim are discoverable. *See e.g. Costco Wholesale Corp. v. Arrowood Indem. Co.*, C17-1212RSL, 2018 WL 4385853, at *2 (W.D. Wash. Sept. 14, 2018). The Court should order production of these requests.

## 2.   Company Manuals and Guidelines: RFPs #4-5.

Reliance provides no argument or authority for its objections and lack of production of these items, nor has Reliance returned the Protective Order it received on January 20, 2022. That was a stated perquisite for production of what Reliance calls "guidelines." Based on

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL - 4
File Number 205022

NELSON  LANGER ENGLE, PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington  98125
T: 206.623.7520  F:  206.622~7068

1   review of other litigated Reliance cases, it appears that it does have a document called the

2   "Claims Department Administrative Procedures Manual."  Telling, Reliance has not provided

3   verified discovery answers signed under penalty of perjury that no "claims manuals" exist.  The

4   Court should order Reliance to answer.

5          **3.**   <u>**Reserve Information and Benefits Calculation: Rogs # 3-4**</u>

6          Reliance provided no authority for its position that reserve information is not

7   discoverable. As noted in Plaintiff's Motion, the consideration of reserves and their role in

8   claim management is tied to Plaintiff's bad faith claim and whether Reliance placed its own

9   financial interests over its fiduciary duties to Plaintiff. With respect to the benefits calculations,

10  the amount of money at dispute is again central to Plaintiff's claim that Reliance placed its own

11  interests ahead of its insured. In addition, the jury is entitled to know how much money is at

12  dispute or to compare that amount to the amount Reliance paid its third-party reviewers or

13  compare that amount to the level of effort expended by Reliance to review the claim.

14         **4.**   <u>**Information Regarding Third Party Reviewers: RFPs #6-7, Rogs 5-7.**</u>

15         Again, Reliance provides no authority in support of its position that these requests are

16  improper. The Court should reject Reliance's argument that the frequency of use and the

17  amount paid to Reliance's reviewers is not relevant or probative of bias and bad faith.

18         RFP #6: If there are no other emails, documents, or communications then a Reliance

19  employee should provide an answer stating as much under penalty of perjury. Plaintiff is not

20  required to take it on faith that the Reliance claim file contains all such documents.

21         RFP #7, Rogs #5-7: Reliance argues that this evidence is not trackable or in the

22  possession of its contracted third-party vendor. This is incorrect. In many cases, insurance

23  companies have produced this information as noted in Plaintiff's Motion. Second, this is not a

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL - 5
File Number 205022

NELSON  LANGER ENGLE, PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington  98125
T: 206.623.7520  F:  206.622~7068

valid objection. Fed. R. Civ. P. 34 requires a responding party to produce documents in its "possession, custody *or control*," not only in its literal possession. Fed. R. Civ. P. 34(a) (emphasis added). Reliance contracts, pays, and delegates its appeal medical review of claims to a third-party. Because of this close connection, documents, and information in the possession of its third-party reviewers are within the "custody or control" of Reliance. If necessary, Reliance is obligated to retrieve such documents or information and produce them to Plaintiff.

Reliance's argument that it should only be required to produce one year of information on its reviewers <u>proves that it does have this information or can get it from its third-party reviewing company</u>. *See Response*, pg. 8. Finally, if Reliance cares about its fiduciary obligations to its insureds, then it surely monitors the actions taken by its third-party vendor, the reviewers themselves, the quality of their reports, whether they have a medical license, and whether these reviewers are truly independent by examining how often they rubberstamp denials. Reliance should be required to provide the identity of who conducts this monitoring as requested in Rog #7. Alternatively, if Reliance does not employ anyone to monitor its third-party reviewers, then a Reliance employee should be required to answer in the negative and provide a verification stating that its answers are true and correct under penalty of perjury.

### III.   CONCLUSION

Plaintiff Ms. Mendenhall respectfully requests that the Court grant her motion to compel. If counsel for Reliance was unavailable, then another of the attorneys at his firm should have stepped in. That Reliance has produced a claim file, no matter its size, does not relieve it of its obligations under the Federal rules. Plaintiff should not have had to file a motion to get Reliance to comply with basic discovery rules. The Court should award sanctions and request Plaintiff submit a fee and cost bill for its review.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL - 6
File Number 205022

NELSON LANGER ENGLE, PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520 F: 206.622~7068

DATED this 4th day of March 2022.

NELSON LANGER ENGLE, PLLC


/s/  Aaron I. Engle
Aaron I. Engle, WSBA #37955
12055 15th Avenue NE, Suite 100
Seattle, WA  98125
T:  206.623.7520  F: 206.622.7068
AaronE@nlelaw.com
Attorneys for Plaintiff




## CERTIFICATE OF SERVICE

Pursuant to RCW 9.1.72.085, the undersigned certifies, under penalty of perjury under the laws of the State of Washington and the United States of America, that on the 4th day of March 2022, the foregoing document was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with the ECF registration agreement and the Court's rules, the Clerk of the Court will send email notification of such filing to the following:

Francis Torrence, WSBA #53962
Wilson Elser Moskowitz Edelman & Dicker LLP
515 Market Street – 17th Floor
San Francisco, CA  94105-2725
T:  415.433.0990  F: 415.434.1370
Francis.torrence@wilsonelser.com


Dated this 4th day of March 2022, at Seattle, Washington.



/s/ Terri L. Gilman
Terri L. Gilman
Case Manager/Paralegal ~ Disability
Nelson Langer Engle PLLC
TerriG@nlelaw.com

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL - 7
File Number 205022

NELSON  LANGER ENGLE, PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington  98125
T: 206.623.7520  F:  206.622~7068